United States District Court
Southern District of Texas

**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIE WILFORD RODRIGUEZ PINEDA, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-05091 |
| TODD BLANCHE, *et al.*, | § § § | |
| Respondents. | § § § | |

## ORDER

Before the Court is Petitioner Willie Wilford Rodriguez Pineda's Petition for Habeas Corpus (ECF No. 1), the Government's Response and Motion for Summary Judgment (ECF No. 6), and the Government's Request for Leave to Effectuate Petitioner's Removal (ECF No. 9). For the reasons that follow, the Court now **DENIES** the Petition for Habeas Corpus and **GRANTS** Respondents' Motion for Summary Judgment. The Government's Request for Leave to Effectuate Petitioner's Removal is **GRANTED**, and the Court's previous order that Petitioner not be removed from the United States pending resolution of the Petition is therefore **VACATED**.

Petitioner is a citizen of Venezuela who previously entered the United States on November 29, 2016. Petitioner was issued an Expedited Removal document on that date, charging Petitioner with being removable under INA § 235(b)(1), and Petitioner was ordered removed thereafter. ECF No. 6 at 2. On September 6, 2021, Petitioner was again apprehended in the United States. Respondents issued a reinstatement of the prior removal order. On October 1, 2021, Petitioner was released on his own recognizance. *Id.* On June 9, 2026, at a routine check-in, Petitioner was issued

1 / 3

a Form I-871, Notice of Intent/Decision to Reinstate Prior Order and a Form I-200, Warrant for Arrest of Alien. On the same day, he was detained. Petitioner and Respondents concur that Petitioner is now subject to a final removal order, as Petitioner's counsel confirmed via email.

8 U.S.C. § 1231 provides the statutory basis for detention of noncitizens subject to final orders of removal. That statute allows the Government to detain noncitizens for a ninety-day "removal period," beginning on the date the removal order becomes administratively final. 8 U.S.C. § 1231(a). Detention beyond the statutory removal period may permissible under certain circumstances. *Id*. The Supreme Court has held that § 1231 "does not permit indefinite detention but rather "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Post-removal order detention becomes presumptively unreasonable after six months, at which point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

Petitioner has now been in post-removal order detention for approximately fifty-five days, or within the ninety-day removal period authorized by statute. The ninety-day period will expire on Monday, September 7, 2026.

The Court therefore **GRANTS** Respondents' Motion for Summary Judgment (ECF No. 6) and **DENIES WITHOUT PREJUDICE** the Petition for Habeas Corpus (ECF No. 1). Respondents are **ORDERED** to file a status update on or before Monday, September 7, 2026, advising the Court as to Petitioner's removal status. At that time, if Petitioner has not yet been removed, Petitioner may file an Amended Petition for the Court to consider whether the presumption of reasonable detention has been overcome. The Government's Request for Leave to

Effectuate Petitioner's Removal (ECF No. 9) is **GRANTED**, and the Court's previous order that

Petitioner not be removed from the United States pending resolution of the Petition is therefore

**VACATED**.

      **IT IS SO ORDERED.**

     Signed at Houston, Texas on August 3, 2026.

                                    Keith P. Ellison
                                    United States District Judge